UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SEATTLE AREA PLUMBING & PIPEFITTING INDUSTRY HEALTH & WELFARE TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>J.P. FRANCIS & ASSOCIATES, INC.,<br><br>Defendant. | CASE NO. 2:21-cv-01040-JHC<br><br>ORDER |

# I
## INTRODUCTION

Before the Court are: (1) a motion requesting that Mr. Jimmy Garg be permitted to withdraw as counsel for Defendant J.P. Francis & Associates, Inc., Dkt. # 18; and (2) Plaintiffs Boards of Trustees of the Seattle Area Plumbing & Pipefitting Industry Health & Welfare Trust, International Training Fund, Plumbers & Pipefitters National Pension Fund, Seattle Area Plumbing & Pipefitting Industry Journeymen and Apprentice Training Trust, Washington State Plumbing and Pipefitting Industry Pension Plan, and Western Washington U. A. Supplemental Pension Plan's (collectively, Plaintiffs) motion for summary judgment, Dkt. # 13.  The Court has considered the motions, their supporting papers, the balance of the record, and the applicable

ORDER - 1

law. Being fully advised, the Court GRANTS Mr. Garg's motion to withdraw and STRIKES Defendant's motion for summary judgment.

## II
### DISCUSSION

A.      Motion to Withdraw

In this district, an attorney seeking to withdraw from a case in a manner that leaves a party to the case unrepresented must seek leave from the Court by filing a motion. LCR 83.2(b)(1).

   1.      Procedural requirements

Mr. Garg has satisfied the procedural requirements for withdrawal. Under Local Civil Rule 83.2(b)(1), a motion to withdraw must contain a certification that it was "served on the client and opposing client," and it must also provide the client's "address and telephone number." LCR 83.2(b)(1). And if withdrawal will leave a business entity unrepresented, counsel must certify that:

> [H]e or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

LCR 83.2(b)(4). Mr. Garg has certified that his motion and its supporting papers were served on Defendant and opposing counsel, and he provides the requisite contact information for his client. Dkt. # 18 at 3–4. Mr. Garg also notified Defendant "that it is required by law to be represented by an attorney admitted to practice before this court," and that failure to obtain substitute counsel may result in the entry of default against it. *Id.* at 2.

ORDER - 2

2. Merits of the motion

District courts may consider various factors when evaluating a motion to withdraw, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Bilbeisi v. Safeway*, No. C22-0876-JCC, 2023 WL 1778835, at *1 (W.D. Wash. Feb. 6, 2023) (internal citations omitted). "[T]he trial court retains wide discretion in a civil case to grant or deny [a] motion to withdraw." *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014) (quoting *Bohnert v. Burke*, No. CV–08–2303–PHX–LOA, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010)) (alterations in original).

Mr. Garg says that he has good cause for withdrawing from representing Defendant because of a breakdown in communication. *See* Dkt. # 18-1 at 2 ("There have been times when I would not hear back for multiple months and there has been a complete failure to . . . keep me updated on relevant issues I inquired about, even after multiple reminders."). Mr. Garg contends that because of his client's lack of communication, he has "neither been able to conclude settlement negotiations, conduct effective motion practice, or develop an effective trial defense." Dkt. # 18 at 2. After Plaintiffs moved for summary judgment, Mr. Garg cautioned that he would seek to withdraw if his client failed to provide certain necessary information for Mr. Garg to prepare a response. Dkt. # 18-1 at 2. As of the date of Mr. Garg's motion, January 31, 2023, he had not received the requested information from Defendant to respond to Plaintiffs' motion. *Id.* According to Mr. Garg, his client has also "not honored the payment plan established." Dkt. # 18 at 2. Mr. Garg has shown good cause for withdrawing.

As for prejudice and delay, withdrawal should not unduly prejudice the parties or delay the case because the discovery cut off is set for May 22, 2023, and trial is set for September 18,

ORDER - 3

2023.  Dkt. # 11.  *See* LCR 83.2(b)(1) ("The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case. . . .").  While Plaintiffs' motion for summary judgment is noted for February 17, 2023, the Court granted Mr. Garg's motion requesting relief from the deadline for responding, pending resolution of this motion to withdraw.  Dkt. # 22.  And  the Court will give Defendant 14 days from the date of this order to have substitute counsel appear for it in this matter.

B.     Motion for Summary Judgment

Plaintiffs filed their summary judgment motion and supporting papers; a response has not been filed.  In their motion, Plaintiffs contend that J.P. Francis is liable for $184,190.83 in unpaid "fringe benefit contributions," $5,842.50 in attorney fees, and $521.00 in litigation costs.  Dkt. # 13 at 2, 17.  Given the circumstances presented here, the Court believes that it is in the interest of justice to give Defendant an additional opportunity to obtain new counsel before addressing a motion on the merits of the case.

### III
#### Conclusion

In light of the foregoing, the Court GRANTS the motion to withdraw.  Dkt. # 18.  The Court STRIKES the summary judgment motion.  Dkt. # 13.  The Court GRANTS Defendant 14 days from the date of this order to have substitute counsel appear for it in this matter.  The Court warns Defendant that if such counsel does not timely appear,  the Court may enter default against it.  If substitute counsel timely appears, Plaintiffs may re-file their motion for summary judgment.  If substitute counsel does not timely appear within 14 days, Plaintiffs may move for entry of default.

ORDER - 4

Dated this 14th day of February, 2023.

John H. Chun
United States District Judge

ORDER - 5