UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SEATTLE AREA PLUMBING & PIPEFITTING INDUSTRY HEALTH & WELFARE TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>J.P. FRANCIS & ASSOCIATES, INC.,<br><br>Defendant. | CASE NO. 2:21-cv-01040-JHC<br><br>ORDER RE DKT. # 32 |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiffs Boards of Trustees of the Seattle Area Plumbing & Pipefitting Industry Health & Welfare Trust, Seattle Area Plumbing & Pipefitting Industry Journeymen and Apprentice Training Trust, Western Washington U.A. Supplemental Pension Plan, Washington State Plumbing & Pipefitting Industry Pension Plan, International Training Fund, and Plumbers & Pipefitters National Pension Fund's (collectively, Trust Funds) "Supplemental Brief in Support of Default Judgment in Response to Order at Dkt. # 29." Dkt. # 32.  Being fully advised, the Court GRANTS Plaintiffs' request for judgment in the amount of $103,071.52 for the November 2020 to May 2021 delinquent period.

## II

### BACKGROUND

Plaintiffs moved for default judgment, seeking recovery against Defendant J.P. Francis & Associates, Inc. under section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132,[1] and the Trust Agreements.[2] *See generally* Dkt. # 28. On June 14, 2023, the Court granted in part and denied in part Plaintiffs' motion.[3] Dkt. # 29. After considering all seven factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), the Court determined that default judgment against Defendant was warranted. Dkt. # 29 at 4–8.

In evaluating damages, the Court found that Plaintiffs had provided sufficient evidence for two out of the three requested categories of damages: (1) $100,151.45 in unreported and unpaid Trust Fund contributions and associated fees for the January 2020 through December 2021 audit period,[4] *id*. at 10–11; and (2) $6,363.50 in reasonable attorney fees and costs, *id*. at 11–12. But the Court did not grant Plaintiffs' request for judgment under the third category of damages: an amount of $84,261.80, comprised of $55,963.03 in reported but unpaid fringe benefit contributions, $15,496.70 in liquidated damages, $12,102.07 in prejudgment interest, and $700 in "referral attorney fees," to cover Defendant's November 2020 to May 2021 delinquent

---

[1] Under section 502 of ERISA, if a fiduciary brings an action for or on behalf of a plan under section 515 and wins a favorable judgment,

> [T]he court shall award the plan: (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . , [and] (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).

[2] The Trust Agreements stipulate that, in the event of delinquency, the Trust Funds may collect unpaid contributions, liquidated damages, interest, attorney fees, costs, and audit fees against the delinquent employer. *See* Dkt. # 14 at 6–11.

[3] The Court's order describes how the Trust Funds operate, how Defendant failed to fulfill its obligations under each Trust Fund's Trust Agreement, and other pertinent procedural history leading to Plaintiffs' motion for default judgment. Dkt. # 29 at 2–3.

[4] The $100,151.45 award covers $80,310.68 in unreported and unpaid contributions, $14,503.30 in liquidated damages, $3,814.20 in interest, and $1,523.27 in audit fees. Dkt. # 29 at 10–11.

period. *See id*. at 9–10. Because Plaintiffs provided insufficient evidence and conflicting information, the Court could not determine the appropriate damage award for the November 2020 to May 2021 period. *See id.*; *see also* Dkt. ## 1, 28; *Bd. Of Trs. Of the Boilermaker Vacation Tr. v. Skelly, Inc.*, F. Supp. 2d 1222, 1226 (N.D. Cal. 2005) (upon default, a plaintiff bears the burden of proving that its requested damages are reasonable and supported by evidence). Thus, the Court (1) denied Plaintiffs' request for $84,261.80 without prejudice, (2) granted Plaintiffs until July 14, 2023, to file a supplemental brief explaining their requested judgment, and (3) deferred entry of final judgment. Dkt. # 29 at 12–13. On July 12, 2023, Plaintiffs filed their supplemental brief. Dkt. # 32.

### III
#### DISCUSSION

In their supplemental brief, Plaintiffs now request $103,071.52 to cover Defendant's remaining unpaid contributions and late fees for the November 2020 to May 2021 delinquent period. Dkt. # 32 at 2. This request consists of $52,248.28 in unpaid contributions, $33,976.02 in liquidated damages, $16,147.22 in interest, and $700 in referral attorney fees.[5] *Id.* at 5.

After reviewing Plaintiffs' additional evidence, the Court now grants Plaintiffs' request to recover Defendant's unpaid contributions and associated fees for the November 2020 to May 2021 delinquent period. In considering the summary of the amounts owed and the copies of Defendant's remittance reports, *see* Dkt. # 33 at 7–9, 11–49, Plaintiffs' revised request for

---

[5] Plaintiffs' requested award is different than before because: (1) Plaintiffs revised the requested amount of unpaid contributions from $57,899.65 (value from initial complaint) and $55,963.03 (value from motion for default judgment) to $52,248.28 based on the unfunded remittance reports; (2) Plaintiffs modified the requested amount of liquidated damages from $15,496.70 to $33,976.02 to account for the 20% liquidated damage rate and the liquidated damages that accrued between November 30, 2022 and July 13, 2023; and (3) Plaintiffs changed the requested amount of interest from $12,102.07 to $16,147.22 to account for the proper base from which to calculate interest and the interest that accrued between November 30, 2022 and July 13, 2023. *See generally* Dkt. ## 1, 28, 32. Plaintiffs' request for $700 in referral attorney fees remains consistent. *Id.*

$52,248.28 in reported but unpaid contributions is reasonable and supported by the evidence. Given the clarification of the amount of unpaid and late paid contributions owed by Defendant, as well as the proper liquidated damages rate, interest rate, and mechanism for calculating late fees, Plaintiffs' requested award of $33,976.02 in liquidated damages and $16,147.22 in interest is justified.  *See* Dkt. ## 32, 33.  Finally, the Court accepts Plaintiffs' "referral attorney fees" explanation.

## IV
### CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' request for judgment of $103,071.52, consisting of $52,248.28 in unpaid contributions, $33,976.02 in liquidated damages, $16,147.22 in interest, and $700 in referral attorney fees for the November 2020 through May 2021 delinquent period.  Dkt. # 32.  Interest will accrue on the outstanding contributions at the rate set forth in the Trust Agreements, from July 13, 2023, until paid.

Dated this 25th day of July, 2023.

John H. Chun
United States District Judge